```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

KEVIN POZO,

        Plaintiff,

   -v-                                              No.  11 Civ. 2565 (LTS)(FM)

THE CITY OF NEW YORK et al.,

        Defendants.

-------------------------------------------------------x
```

## MEMORANDUM ORDER

    Pro se plaintiff Kevin Pozo ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1983 against defendants the City of New York, C.O. Morgan, C.O. Smith, and C.O. Mandell (collectively, "Defendants"), alleging that, on June 26, 2010, the three officers failed to intervene while Plaintiff was assaulted by other inmates, and that officer Morgan used a chemical agent on Plaintiff.  The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331. On November 14, 2013, the Court granted Defendants' motion to dismiss Plaintiff's Amended Complaint for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff now moves to vacate this order of dismissal, pursuant to Federal Rule of Civil Procedure 60(b)(1).  The Court has reviewed carefully all of the relevant submissions and, for the following reasons, Plaintiff's motion is denied.

    A district court may "relieve a party . . . from a final judgment, order, or proceeding for . . . excusable neglect." Fed. R. Civ. P. 60(b)(1).  "'Excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Pollard v. Does, 452 F. App'x 38, 40 (2d Cir. 2011) (internal quotations omitted).  The question of whether a party has demonstrated excusable neglect is an equitable one, and takes

into account the following factors: "(1) the danger of prejudice to the non-movant; (2) the length of the delay and its possible effect on the district court proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Id.  In its November 14, 2013, Memorandum Order, the Court dismissed Plaintiff's Amended Complaint with prejudice, noting that Plaintiff had failed to make himself available for a deposition in violation of a court order; that, at the time, Plaintiff had not communicated with the Court or Defendants' counsel in approximately eight months; and that Plaintiff had not provided the Court with an up-to-date mailing address.  Plaintiff now argues that he did not prosecute his case because, until recently, he lacked access to a library or any of the legal materials necessary to pursue the action.

   The Court does not find Plaintiff's proffers sufficient to establish excusable neglect.  At the time the Court dismissed Plaintiff's Amended Complaint, the case had been pending for approximately eighteen months, the last eight of which passed with no contact between Plaintiff and the Court.  After the dismissal of Plaintiff's Amended Complaint, an additional four months elapsed before Plaintiff contacted the Court, and it was not until June 7, 2013, that Plaintiff notified the Court of his change of address.  Lack of access to legal materials does not excuse Plaintiff's failure to appear for a deposition or to notify the Court of his change of address.  Additionally, Plaintiff offers no explanation for why he did not inform the Court or Defendants' counsel about his alleged inability to access legal materials prior to the July 25, 2013, filing of this Rule 60(b) motion.  Accordingly, the Court finds no proper basis to conclude that Plaintiff's failure to pursue this action was excusable.  See Pollard v. Does, 452 Fed. App'x at 40-41 (district court did not abuse its discretion by finding no excusable neglect when pro se plaintiff failed to respond timely to order to show cause and did not maintain current address with court).

   For the foregoing reasons, Plaintiff's Rule 60(b) motion is denied.  This Memorandum Order resolves docket entry no 57.  The Court certifies pursuant to 28 U.S.C.

§ 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438. 444-45 (1962).

        SO ORDERED.

Dated: New York, New York
      August 7, 2013

                                                                   _____/S_____
                                                                LAURA TAYLOR SWAIN
                                                                United States District Judge

Copy mailed to:
Kevin Pozo
05A0986
Great Meadow Correctional Facility
Box 51
Comstock, NJ 12821